## In re KOVELL OIL CO.
### No. 34929-C.

District Court, S. D. California, Central Division.

Jan. 17, 1940.

320

George Appell, of Los Angeles, Cal., for debtor.

Russell B. Seymour, of Los Angeles, Cal., for receiver.

Francis M. Reiter, of Los Angeles, Cal., for I. Rude and others.

C. S. Tinsman, of Los Angeles, Cal., for Consolidated Royalties, Inc., and others.

O. C. Sattinger, of Los Angeles, Cal., for Howard Supplies Co.

COSGRAVE, District Judge.

Petition for review of an order of the referee dismissing the debtor's petition for lack of jurisdiction.

The debtor filed its petition under Chapter XI, Section 322, of the Bankruptcy Act, 11 U.S.C.A. § 722, reciting that no bankruptcy proceedings were pending; that the debtor was unable to meet its obligations as they mature and proposes a "plan of arrangement." After noting that there are both secured and unsecured creditors, together with an indebtedness for labor in certain amounts, the petition recites the existence of certain "percentages" issued to persons under permit of the Commissioner of Corporations of the State of California, and that the president of the corporation "has agreed and will execute an agreement in writing" to pay such percentages out of his personal funds, "thus permitting the entire net income of said well to be devoted to the payment of both secured and unsecured creditors of petitioner."

It is further disclosed by the file that the ruling of the referee arose through the fact that a receiver had been appointed, and the receiver had occasion to question the priority of the so-called "percentages," deeming the holders of the same joint adventurers referred to In re Lathrap, 9 Cir., 61 F.2d 37, and therefore holding claims subrogated to the rights of general creditors. An order to show cause was issued by the referee against such persons, and as a result of this hearing the ruling complained of was made by the referee. He finds that "no plan has been submitted, and agreed to by the creditors, either secured or unsecured, or a majority in either number and amount."

The Act provides, Section 307, 11 U.S.C.A. § 707, that "creditors" shall include the holders of all unsecured debts, and that "debts" or "claims" shall include all unsecured debts, and, Section 308, 11 U.S.C.A. § 708, that a "creditor" shall be deemed to be affected by an arrangement only if his interest shall be materially or adversely affected thereby. In the same section, it further provides that in the event of controversy, the court shall summarily determine whether any creditor is so affected.

While the plan for the payment of the creditors can hardly be described as promising, nevertheless the petitioner does express the opinion that all creditors "should be paid in full" in about three years or less.

The requirements of the debtor's petition are rather meagre. He is required by Section 323, 11 U.S.C.A. § 723, to set forth the provisions of the arrangement proposed by him. "Arrangement" has been previously defined, Section 306, 11 U.S.C.A. § 706, as "any plan of a debtor for the settlement, satisfaction, or extension of the time of payment of his unsecured debts, *upon any terms* [italics supplied]." This covers a wide range. In view of the scanty requirements before the proposal shall constitute a "plan" contemplated by the Bankruptcy Act as defined in Sections 323 and 306, it can hardly be said that the debtor's petition is so devoid of a plan as to be insufficient to give the court jurisdiction.

Further examining the Act, it is provided, Section 312, 11 U.S.C.A. § 712, that where a petition is filed under Section 322, the "jurisdiction, powers, and duties of the court" shall be the same as if a voluntary petition for adjudication had been filed and decree of adjudication entered at the time that the petition was filed under Chapter XI, 11 U.S.C.A. § 701 et seq.

It is true that the proceeding under Chapter XI has to do only with unsecured claims. It would seem necessary, however, to ascertain at the very threshold of the inquiry what claims are secured and what are unsecured. The number and amount of secured claims is an essential factor the determination of which must precede any definite course of action. Although the

language of the Act may not expressly confer upon the referee such power, its existence is necessary to the exercise of the powers expressly conferred, and must therefore be implied. The jurisdiction of the referee, being the same as if a voluntary petition for adjudication had been filed and adjudication entered, and one of the necessary functions of the Bankruptcy Court being to classify claims as secured or unsecured, it seems to be the duty of the referee to take jurisdiction of the petition and pass upon the priority of the claims.

The petition for review is therefore granted.